## No. 10,253.

### The State of Louisiana vs. Tom Broussard.

While it is a rule in criminal jurisprudence that the verdict of a jury will not be vitiated by the fact that during the trial the jury were allowed a moderate use of spirituous liquors, as a stimulant or refreshments, the doctrine will not be extended to cases where it is shown that at least two members of the jury consumed an inordinate amount of whisky or other intoxicating liquor, within a few hours, from which they felt sick at the time that the verdict was reached.

Such a glaring abuse of a dangerous privilege cannot be sanctioned or tolerated, but must be rebuked.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

---

*Walter H. Rogers*, Attorney General, and *James Andrews*, District Attorney, for the State, Appellee:

*E. G. Hunter* and *John C. Ryan* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. Appealing from a sentence resting on a conviction of horse stealing, the accused presents numerous complaints, involving mainly the alleged misconduct of the jury who served on his trial.

Our review of the case has led us to the conclusion that one of the acts of alleged misconduct of the jury is of itself fatal to the validity of the proceedings. That is, the charge that during their deliberations, the members of the jury were allowed to indulge in an excessive use of intoxicating liquors.

It appears from the record that the case was given to the jury at about 6 o'clock in the evening, and that a verdict was reached the next morn-

ing at about 11. It is in proof that during that space of time the jury were served with two pint bottles and about four six-ounce bottles of whisky, the greater part of which was actually consumed by only two members of the body. The evidence does not show by whom the liquor was furnished or supplied, or that it was done under the orders, or with the consent and approval, of the trial judge; and it is not shown that any of the members were, or became, intoxicated from the use of the liquor thus consumed.

But it is in proof that in the morning, between daylight and 11 o'clock, two members of the jury, together, drank and consumed a pint and a half of whisky, after which they became sick, and were unable to partake of any breakfast, and were in that condition at the very moment that the verdict was agreed upon. We are constrained to believe that the absorption of so much intoxicating liquor on empty stomachs, after a night of discomfort, by these two jurors, must have had an injurious effect upon their minds, and that it was the immediate cause of the sickness which they then felt.

Under the facts in the record, and in view of the amount of intoxicating liquor imbibed by these two jurors, we have no hesitation in holding that they at least were not in a condition to exercise the cool and dispassionate judgment which the law expects of every juror in deliberating over a cause involving the life or liberty of a fellow-being; and that, as a consequence, the accused has not had a trial by twelve men "good and true," as the law contemplates.

We feel very confident that, in thus ruling, we make no departure from the line of jurisprudence under which it is settled that the verdict of a jury in a criminal cause is not to be vitiated by the mere fact that, during their deliberations in a protracted trial, the jury were allowed a moderate use of spirituous liquors, as refreshments or as a stimulant. State vs. Caulfield, 23 Ann. 148; State vs. Dorsey, 40 Ann. —

It would be difficult to formulate any affirmative rule, or to prescribe an inflexible limit to the practice, and courts can do no more than to guard against excesses in determining such questions. But the circumstances of this case disclose an outrageous abuse of the privilege, which no court will sanction or tolerate, and which loudly calls for rebuke from any one who believes in a proper administration of justice, or in the solemnity of trials in criminal causes.

We have been at great pains to examine all the cases, within our reach, in which the point was raised, with varying results, depending upon the gravity of the charge, and we feel mortified to see that our re-

ports will contain the worst case of its kind, thus far, to be found in the books. Proffatt on Jury Trials, pages 459, 460, 461, 462, 463.

It is, therefore, ordered that the sentence appealed from be avoided, that the verdict of the jury be set aside, and that the cause be remanded to the lower court for further proceedings, according to law.